IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

LANDIS CHARLES BARROW,

      Defendant.

2:23-CR-011-Z-BR-(1)

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Landis Charles Barrow's Motion to Suppress Evidence ("Motion") (ECF No. 193), which asks this Court to suppress all evidence seized by the Government during a search of 3515 S. Mirror Street in Amarillo, Texas. *Id.* For the reasons stated below, the Court **DENIES** the Motion.

#### FACTUAL BACKGROUND

On February 6, 2023, Officer Kerry Blackerby ("Officer Blackerby"), a police officer with the Randall County's Sherriff's Office, conducted surveillance alongside other law enforcement in Amarillo, Texas. The officers focused their investigation on a single hotel room as part of a drug investigation. ECF Nos. 193 at 2; 207 at 2. During that surveillance, Officer Blackerby observed a "cooperating defendant" exit the hotel with a male — Calvin Glover — by automobile. ECF 193 at 2. Law enforcement eventually searched the car and found narcotics and drug paraphernalia. *Id.* The cooperating defendant agreed to speak with law enforcement, averring that the narcotics were distributed from Barrow at his residence. *Id.*

1

The same day, Officer Blackerby applied for a warrant to search for evidence of methamphetamine trafficking at 3515 S. Mirror Street in Amarillo, Texas, Barrow's residence.[1] ECF No. 193-1 at 2. In support of an application for the warrant, Officer Blackberry provided an affidavit containing, in part, the following information:

> Law Enforcement . . . conducted a mirandized interview of the cooperating defendant who stated that the methamphetamine had come from the suspected place. The cooperating defendant stated that the methamphetamine was sourced to the cooperating defendant by Landis Barrow at the suspected place. The cooperating defendant stated that Barrow had provided the cooperating defendant with methamphetamine on previous occasions at the same location. The cooperating defendant stated that Barrow supplied the cooperating defendant with one half-pound of methamphetamine at the suspected place on or about 02-05-23. The cooperating defendant also made statements indicating the suspected party had observed firearms and ammunition within the residence. The cooperating defendant stated that on more than one occasion the cooperating defendant has observed Landis Barrow in possession of a handgun. The cooperating defendant stated that it was her belief that more methamphetamine would be located at the suspected place due to a telephone conversation the cooperating defendant overheard yesterday while being supplied with a half-pound of methamphetamine through Barrow at the suspected place. The cooperating defendant stated that the conversation Barrow had with the person he was speaking to on the phone indicated that Barrow had recently received "10," which the suspected party believed to be 10 pounds of methamphetamine.

*Id.* at 3.

The affidavit also describes Officer Blackerby's education, experience, and training. *Id.* at 2. He has served as a police officer for twenty years and completed advanced training in criminal investigations and drug offenses through Randall County's Sheriff's Office and the DEA. *Id.* Officer Blackerby asserted that in light of his "information" and prior "contact made with [Barrow]," "there is a high probability agents will locate and find the items specified in Paragraph Three of [the] affidavit . . . ." *Id.* at 3.

---

[1] Officer Blackerby also worked as an assigned Task Force Officer with the Drug Enforcement Agency ("DEA") during the relevant timeframe.

Upon review of the affidavit, a magistrate judge issued a search warrant for 3515 S. Mirror Street. *See id.* at 5. During the search, law enforcement seized "large quantities of drugs, a firearm, and other evidence that form the basis of several of Barrow's instant charges." ECF No. 207 at 3. The Government subsequently charged the Defendant on nine counts.[2] ECF No. 45.

### LEGAL STANDARD

Where a defendant challenges a search warrant for lack of probable cause, the Court applies a two-step test. *United States v. Payne*, 341 F.3d 393, 399 (5th Cir. 2003). First, the Court determines whether the good-faith exception to the exclusionary rule applies, as announced in *United States v. Leon*, 468 U.S. 897, 919–20 (1984), applies. *Payne*, 341 F.3d at 399. Under the good-faith exception, evidence obtained during a search pursuant to a legally deficient warrant is admissible "so long as the executing officers' reliance on the warrant was objectively reasonable and in good faith." *Id.* "Issuance of a warrant by a magistrate normally suffices to establish good faith on the part of law enforcement officers who conduct a search pursuant to the warrant." *United States v. Craig*, 861 F.2d 818, 821 (5th Cir. 1988). Second, if the good-faith exception applies, the Court "need not reach the question of probable cause for the warrant unless it presents a 'novel question of law,' resolution of which is 'necessary to guide future action by law enforcement officers and magistrates.'" *Payne*, 341 F.3d at 399. But, if the good-faith exception does not apply, the Court must then determine whether "the magistrate had a substantial basis for . . . concluding that probable cause existed." *United States v. Pena-Rodriguez*, 110 F.3d 1120, 1129-30 (5th Cir. 1997) (internal citations omitted).

The good-faith exception does not apply where: (1) the affiant recklessly disregarded the truth and misled the magistrate or judge with false information; (2) the issuing judge or magistrate

---

[2] The Court then dismissed one count against the Defendant. ECF No. 206.

"wholly abandoned" his judicial role; (3) the warrant is based on an affidavit "so lacking in indicia of probable cause as to render belief in its existence entirely unreasonable;" and (4) where the warrant is so facially deficient in failing to particularize the place to be searched or things to be seized the executing officers cannot reasonably presume it to be valid. *Payne*, 341 F.3d at 399–400 (citing *United States v. Webster*, 960 F.2d 1301, 1307 n. 4 (5th Cir. 1992)).

ANALYSIS

The good-faith exception applies because the warrant was not obtained with a "bare bones affidavit." The affidavit at issue sets forth *specific* details about the cooperating defendant's presence at 3515 S. Mirror Street. It also provides sufficient detail regarding the cooperating defendant's veracity and reliability for the magistrate to have found probable cause. The executing officers, therefore, had an objectively reasonable basis to believe in the validity of the warrant.

But even if the good-faith exception did not apply, the affidavit is still supported by sufficient indicia of probable cause. The affidavit sets forth sufficient facts to support a the magistrate's finding of a fair probability that contraband or evidence would be found at 3515 S. Mirror Street.

### A. The Good-Faith Exception applies because the warrant was not obtained with a "bare bones" affidavit.

The good-faith exception applies "when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." *United States v. Brown*, 567 Fed. Appx. 272, 281 (5th Cir. 2014) (quoting *Leon*, 468 U.S. at 920). "[E]vidence obtained by law enforcement officials acting in objectively reasonable good-faith reliance upon a search warrant is admissible in the prosecution's case-in-chief, even though the affidavit on which the warrant was based was insufficient to establish probable cause." *Brown*, 567 Fed.Appx. at 281 (quoting *United States v. Shugart*, 117 F.3d 838, 843 (5th Cir. 1997)).

The exception does not apply when law enforcement obtains a warrant with a "bare bones" affidavit, meaning one containing "wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause." *United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992) (internal citations omitted). "[E]xamples of 'bare bones' affidavits include those that merely state that the affiant 'has cause to suspect and does believe' or '[has] received reliable information from a credible person and [does] believe' that contraband is located on the premises." *United States v. Pope*, 467 F.3d 912, 920 (5th Cir. 2006). An affidavit need not contain direct evidence of criminal activity that supports a finding of probable cause. Rather, a magistrate may make reasonable inferences and draw common sense conclusions from an affidavit.[3] "In determining the sufficiency of an affidavit, the Court must examine the totality of the circumstances, including the (1) *veracity*, (2) *reliability*, and (3) *basis of knowledge* of a confidential informant." *See United States v. Fisher*, 22 F.3d 574, 578 (5th Cir. 1994) (numbers and emphasis added). This "totality of the circumstances" approach to probable cause does not require that all tips be corroborated by subsequent police investigation in order to be considered credible. *See United States v. Blount*, 123 F.3d 831, 836 (5th Cir. 1997).

The Defendant argues the good-faith exception is inapplicable here because "without establishing the veracity of the [cooperating defendant] or articulating other considerations to overcome this void, the affidavit lacks adequate indicia of probable cause." ECF No. 193 at 3–4 (citing *Brown*, 567 Fed. Appx. at 281). In support, Defendant alleges the affidavit consists of "conclusory statements" and "no descriptions of law enforcement efforts to corroborate the statements of the [cooperating defendant]," implying it is a "bare-bones affidavit." ECF Nos. 193

---

[2] *See Brown*, 941 F.2d at 1303 (holding a magistrate "could have reasonably inferred" that criminal activity was occurring from information in an affidavit); *see also United States v. Wylie*, 919 F.2d 969, 975 (5th Cir. 1990) (stating that a magistrate "might reasonably have drawn such [a] common sense conclusion" from an affidavit lacking direct evidence of narcotic sales at a residence).

at 5; 207 at 5. Under *Illinois v. Gates*, 462 U.S. 213 (1983), the Defendant asserts Officer Blackerby's reliance on the cooperating defendant's information is unreasonable and could not provide the magistrate probable cause to issue the warrant. ECF No. 193 at 6.

Here, the affidavit at issue is not so conclusory or lacking in indicia of probable cause as to qualify as "bare bones." First, the affidavit sets forth specific details about the cooperating defendant's presence at 3515 S. Mirror Street. The cooperating defendant told Officer Blackerby that on February 5, 2023, a day before the search warrant was issued, the Defendant "supplied the cooperating defendant with one-half pound of methamphetamine." ECF No. 193-1 at 3. The cooperating defendant also told Officer Blackerby that "it was her belief that more methamphetamine would be located at [3515 S. Mirror Street] due to a telephone conversation the cooperating defendant overheard . . . while being supplied with a half-pound of methamphetamine through Barrow at [3515 S. Mirror Street.]" *Id.* In the same phone conversation, the cooperating defendant overheard Barrow state he recently received "10 pounds of methamphetamine." *Id.*

Second, the affidavit provides sufficient detail regarding the cooperating defendant's veracity and reliability for the magistrate to have found probable cause. The cooperating defendant made a statement against her penal interest when she told Officer Blackerby that the Defendant had distributed methamphetamine to her the day before and on previous occasions. *Id.* And "[a]dmissions of crime carry their own indicia of reliability – sufficient at least to support a finding of probable cause to search." *United States v. Harris*, 403 U.S. 573, 583 (1971). Officer Blackerby also stated that the cooperating defendant's information was corroborated by his "personal knowledge" of 3515 S. Mirror Street and the Defendant from an "ongoing Federal investigation." ECF No.193-1 at 3. For example, the cooperating defendant alleged that firearms were in the residence and ten pounds of methamphetamine were delivered there. *Id.* In a previous

search, agents found a gun holster in the residence and methamphetamine packaging indicative of large-scale distribution. Gov. Exh. A at 4. For purposes of the good-faith exception, this information is sufficient to establish the informant's "basis of knowledge" that there was methamphetamine in the residence. *See United States v. McKnight*, 953 F.2d 898, 905 (5th Cir. 1992) (holding affiant's assertion that informant's presence at Defendant's house and observations therein provided information by which a magistrate could judge whether informant had sufficient basis of knowledge).

Taken together, the information in Officer Blackerby's affidavit goes far beyond mere conclusory statements. The affidavit provides sufficient evidence for a magistrate to make reasonable inferences and draw common sense conclusions regarding criminal activity at 3515 S. Mirror Street. When combined with Officer Blackerby's statement about his experience as a DEA Task Force Officer and training in writing "affidavits to support the arrest and/or search warrants," it was objectively reasonable for the executing officers to believe in the validity of the warrant as issued by the municipal judge. Consequently, the Court **FINDS** that the good-faith exception applies and Defendant's Motion to Suppress should be **DENIED**.[4]

### B. The Affidavit is Supported by Sufficient Indicia of Probable Cause.

Even if the good-faith exception did not apply, the warrant is still valid because it is supported by probable cause. Probable cause requires a "reasonable ground for belief" that a crime has been committed and evidence of such crime would be found at the suspected place; or there is a reasonable expectation contraband would be found at the suspected place. *See Kohler v. Englade*,

---

[3] Here, the Court considered the four corners of Officer Blackerby's affidavit and the resulting search warrant. Based on the totality of the circumstances as discussed in those documents, the Court concluded that the good-faith exception applied to the search of 3515 S. Mirror Street with corroboration of the confidential informant's statements. *See Blount*, 123 F.3d at 836; *cf Gates*, 462 U.S. at 241 (holding corroboration was an important factor in crediting hearsay evidence from an *anonymous* tip).

470 F.3d 1104, 1109 (5th Cir. 2006) (quoting *Gates*, 462 U.S. at 249) ("Probable cause exists when there are reasonably trustworthy facts which, given the totality of the circumstances, are sufficient to lead a prudent person to believe that the items sought constitute fruits, instrumentalities, or evidence of a crime."); *Carroll v. United States*, 267 U.S. 132, 149 (1925) (explaining that "the seizing officer shall have reasonable or probable cause for believing that the automobile which he stops and seizes has contraband liquor there in which is being illegally transported.").

The magistrate must have a "substantial basis for . . . concluding that probable cause existed." *Pena-Rodriguez*, 110 F.3d at 1129–30. To have a "substantial basis" in determining probable cause, the magistrate judge must decide "given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Allen*, 625 F.3d 830, 840 (5th Cir 2010). And the reviewing courts "will pay substantial deference to [magistrates'] determinations of probable cause . . . ." *Aguilar v. Texas*, 378 U.S. 108, 111 (1964); *see also United States v. Morton*, 984 F.3d 421, 430 (5th Cir. 2021) (explaining that a "[magistrate judge's] determination of probable cause is entitled to great deference by the reviewing court . . . .").

The affidavit here presents more than a substantial basis for the magistrate judge to conclude that the Defendant's residence would contain evidence of methamphetamine trafficking. The cooperating defendant stated that the Defendant dealt her half a pound of methamphetamine at 3515 S. Mirror Street on previous occasions, most recently the day before the search warrant was issued and executed. ECF No 193-1 at 3. She alleged further, in overhearing the Defendant's phone conversation, that the Defendant stated he "had recently received . . . 10 pounds of methamphetamine." *Id.* As previously stated, Officer Blackerby corroborated the information in

8

the affidavit. Just two months prior as part of a federal investigation, the Officer searched 3515 S. Mirror Street and found methamphetamine packing material. *Id.*

Given the information in the affidavit, the magistrate judge likely could conclude that there is a "fair probability that contraband or evidence" would be found at 3515 S. Mirror Street. Officer Blackerby's affidavit further notes that the cooperating defendant was inside the residence just twenty-four hours before the issuance of the search warrant. And an officer "may rely on information received through an informant, rather than upon his direct observations, so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge." *Gates*, 462 U.S. at 242. Because of Officer Blackerby's prior findings in the Defendant's residence during the investigation and the cooperating defendant's reliable information, a magistrate judge has a substantial basis in determining probable cause. Thus, for the purposes of this affidavit, it is not so "lacking in indicia of probable cause as to render belief in its existence entirely unreasonable." *Payne*, 341 F.3d at 399–400 (citing *Webster*, 960 F.2d at 1307 n. 4). Accordingly, the Court **FINDS** that the affidavit was supported by probable cause, which serves as an independent basis to **DENY** Defendant's Motion.

CONCLUSION

For the reasons discussed above, Defendants' Motion to Suppress is **DENIED**.[5]

**SO ORDERED.**

July _17_, 2024.

_____
MATTHEW KACSMARYK
UNITED STATES DISTRICT JUDGE

---

[5] The Court also **DENIES** Defendant's request for a hearing on this matter. ECF No. 193 at 7. "[A]n evidentiary hearing is required on a motion to suppress only when necessary to receive evidence on an issue of fact." *United States v. Harrellson*, 705 F.2d 733, 737 (5th Cir. 1983). The sole issues in the Defendant's Motion, however, are issues of law, not of fact. Both parties dispute only whether the good-faith exception should apply and the determination of probable cause, not the relevant facts. ECF Nos. 193, 207. And "the district court is properly left with a certain amount of discretion" on whether to grant a hearing if there is no issue of fact. *Harrellson*, 705 F.2d at 237 (quoting *United States v. Losing*, 539 F.2d 1174, 1178 (8th Cir. 1976)). In its discretion, the Court declines to hold a hearing on the Defendant's Motion and the Government's Response. *See* ECF Nos. 193, 207.